09-1698-cr
*USA v. Camargo (DeOliveira)*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand and ten.

PRESENT: ROGER J. MINER,
         PIERRE N. LEVAL,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                  *Appellee,*

         -v.-                                   09-1698-cr

WESLI CAMARGO, EPAMINONDAS JOSE SOARES, JOISTER PACHECO ATAIDE,

                  *Defendants,*

JEAN DeOLIVEIRA,

                  *Defendant-Appellant.*

_____

FOR APPELLANT:     WILLIAM H. PAETZOLD, Moriarty, Paetzold & Sherwood, Glastonbury, CT.

FOR APPELLEE:      DEBORAH R. SLATER, Assistant United States Attorney (Nora R. Dannehy, United States Attorney, William J. Nardini, Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Jean DeOliveira ("Appellant") appeals from so much of a judgment of conviction and sentence, entered on April 17, 2009 in the United States District Court for the District of Connecticut (Bryant, *J.*), as imposed a fine in the amount of $10,000, pursuant to a guilty plea on a charge of uttering counterfeit United States treasury obligations in violation of 18 U.S.C. § 472. The district court also sentenced Appellant to a term of imprisonment of 10 months and a special assessment of $100. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The fine of $10,000 represents the upper limit of the United States Sentencing Guidelines range for Appellant's offense. Appellant's sole argument on appeal is that the district court erred in imposing a fine in contradiction of the presentence report's indication that Appellant would not be able to pay a fine within the guideline range. The government counters that Appellant failed to timely raise this objection below and that the district court's action should therefore be reviewed only for plain error. Alternatively, the government argues that even under a lesser standard of review for clear error, the action of the district court should be affirmed.

During the sentencing hearing, Appellant's counsel raised no objection to the imposition of a fine. Later the same day, however, counsel did file an objection. Appellant contends that the objection was timely raised, therefore rendering the appropriate standard of review as that of clear error. We need not specify a standard of review, since the district court's imposition of a fine meets review under either standard.

A sentencing judge is not bound by the recommendations of a presentence report. *United States v. Miller*, 116 F.3d

3

641, 685 (2d Cir. 1997).  Further, "[a]lthough a presentence report's view that defendant has no funds to pay a fine is entitled to weight, and the fact that a defendant is represented by . . . appointed counsel certainly strongly suggests an inability to pay a fine, *neither is conclusive.*" *United States v. Fields*, 113 F.3d 313, 325-26 (2d Cir. 1997) (internal citations omitted) (emphasis added).

Here, the district court imposed a fine based on its conclusion that Appellant would be able to pay a fine in the future.  The court supported its conclusion by reference to other information contained in the Presentence Report including Appellant's previously demonstrated ability to raise substantial sums of money, as well as his future intention to seek gainful employment after removal to his home country of Brazil.

A defendant bears the burden of "establish[ing] that he is unable to pay *and is not likely to become able to pay* any fine."  U.S. Sentencing Guidelines Manual § 5E1.2 (2009) (emphasis added).  While Appellant may have arguably established his *current* inability to pay a fine, the district court was not in error in its conclusion that Appellant has not established his *future* inability to pay.

4

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk